THE STATE *ex rel.* MOSELEY v. WEAR, *Judge.*

In Banc, July 6, 1897.

**Furniture for Building Used as Court House.** The statute authorizing the holding of circuit court at Dexter, empowered the judge to cause the offices of sheriff and clerk and the room used for court purposes to be furnished at the county's expense. The evidence showed that the room, which was a hired one, was properly furnished for the use of the court, and the sheriff and clerk had made no request for furniture. The owner of the building, which was used for other purposes besides the holding of court, requested the judge to furnish the court room with *permanent* seats, and on refusal brought this suit to compel him to do so. *Held,* that the furniture now used answering the purposes of the court, the writ must be denied.

*Mandamus.*

*J. L. Fort* and *Walker & Jourdan* for relator.

A practical, common horse sense construction of the intent of the legislature as expressed in its language, "shall cause the said court room . . . to be furnished in a proper manner," was that respondent should cause to be purchased for the permanent furnishing of the court room suitable furniture.

*W. S. Pope* for respondent.

It appearing that the judge has exercised wise discretion and forethought, been careful of the interests of the public, and at all times having in view the wants, needs and ability of the county, the writ, according to all authority and precedent, ought not to be made peremptory. *State v. Wilson*, 49 Mo. 146. *Triner v. Porter*, 45 Mo. 336. *Miltenberger v. St. Louis Co. Ct.*, 50 Mo. 172. *Snyder v. Newman*, 91 Mo. 445. *Faires v. Buhler*, 90 Mo. 560. *State ex rel. v. Cramer*, 96 Mo. 75.

*State ex rel. v. Smith,* 105 Mo. 6.    *State ex rel. v. Flad,*
108 Mo. 614.    *State ex rel. v. Oliver,* 116 Mo. 188.
*State ex rel. v. Board of Health,* 103 Mo. 22.    Moses on
Mandamus, 54.

BRACE, J.—By an act of the General Assembly ap-
proved March 16, 1895, Session Acts, p. 143, providing
for the holding of two terms of the circuit court at
Dexter in Stoddard county, it was among other
things provided, that: "The judge of the circuit court
of said county shall select a suitable place for holding
the court at Dexter, and for the offices of clerk, sheriff,
and juries of said court, and the place so selected shall
be entered upon the record of said court, and shall
thereafter be known and designated as the courthouse
in Dexter; and the expense of renting and keeping the
same shall be paid by said city of Dexter.   The said
judge shall cause the said court room and offices to be
furnished in a proper manner for said court and its
officers, and report the expense thereof to the county
court of said Stoddard county, which shall allow and
pay the same."

In compliance with the requirements of this statute
the respondent, judge of said circuit court, on the first
of June, 1896, selected a suitable building in said city
for the purposes of said court; said building being the
property of the Dexter Improvement Association, com-
posed of thirteen members, of which the relator is one,
and the president of said association.   It is admitted
that the association controls the building at all times
except when the circuit court is in session; that the
term of the circuit court for the three terms held at
Dexter, including the present one, has been four days
each, and that all the furniture necessary for the use
of the court was in the court room prior to the present
term; that at no time has either the sheriff or the clerk

of the court made any request of the court for any furniture or apprised the court of the necessity of any furniture for their use. It further appears from the evidence that the offices of the sheriff and clerk are properly furnished and all the chairs necessary, and not provided for the court room, could be hired whenever necessary at a mere nominal cost. Under these circumstances the respondent declined to furnish the court room with permanent seats at a considerable outlay to the county as requested by the relator, and hence this proceeding to compel him to do so.

The requirement of the statute is that the court room and office shall be furnished in a proper manner for the transaction of the business of the court at Dexter, and nothing in the evidence tends to show that it is not so furnished. It may not be furnished according to the judgment of the relator, in a proper manner for all the purposes of the building, but with any other purpose than those of his court the respondent has nothing to do. The legislature vested in him the dis-, cretion of furnishing the court room and offices in a proper manner for the discharge of the business of his court. This he has done; and in the exercise of that discretion we find no abuse that calls for the intervention of this court; on the contrary it seems to have been exercised with careful regard for the public interests, and deserves commendation rather than censure. The peremptory writ is refused. All concur.